Electronically Filed
4/10/2019 3:30 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-1628-19-H

| | | |
|---|---|---|
| ALONZO CANTU CONSTRUCTION, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| VS. | § § § § | ____ JUDICIAL DISTRICT |
| PANASONIC CORPORATION OF NORTH AMERICA, | § § § § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW ALONZO CANTU CONSTRUCTION, INC., Plaintiff herein complaining of PANASONIC CORPORATION OF NORTH AMERICA, Defendant herein, and for cause of action would respectfully show unto the Court and jury the following:

I.

### PARTIES

Plaintiff ALONZO CANTU CONSTRUCTION, INC., is a Texas Corporation with its principal place of business in McAllen, Hidalgo County, Texas. Plaintiff is a citizen of the State of Texas.

Defendant PANASONIC CORPORATION OF NORTH AMERICA does business as PANASONIC MEDIA ENTERTAINMENT COMPANY, PANASONIC ENTERPRISE SOLUTIONS COMPANY, PANASONIC SPORTS ENTERTAINMENT BUSINESS UNIT, among other names ("Panasonic"). PANASONIC MEDIA ENTERTAINMENT COMPANY does business in Hidalgo County, Texas, and its principal address is 330 S. Royal Lane,

**EXHIBIT B-1**

Electronically Filed
4/10/2019 3:30 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1628-19-H**

Coppell, Texas 75019. Panasonic may be served with citation by service upon its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.

## DISCOVERY PLAN

Plaintiff intends to prosecute this case under a Level 3 discovery control plan, in accordance with Rule 190.3 of the Texas Rules of Civil Procedure.

## III.

## VENUE

Venue of this action is proper in Hidalgo County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, in that Hidalgo County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.

## AMOUNT IN CONTROVERSY

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, the amount in controversy, and the relief sought herein, is within the jurisdiction of this Court. Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## NOTICES

Plaintiff has complied, or will have complied prior to trial, with all conditions precedent to bringing this suit, and all notices required by law have been given or will be timely given. As a result of the breach of the parties' oral agreement, Plaintiff will send

C-1628-19-H

notice to Defendant of this claim, pursuant to Chapter 38.001(8) of the Texas Civil Practice & Remedies Code.

## VI.

## FACTS

**On or about November 30, 2017**, Alonzo Cantu Construction, Inc. (Cantu Construction,) entered into Subcontractor Agreements ("Agreements") with Panasonic Media Entertainment Company ("Panasonic Media"), through its General Manager, Ted Leamy. Subsequently, various change orders were entered into between Plaintiff and Panasonic Media or Panasonic's related entities.

At all times, Panasonic was aware of, and knew of, the uses to which Cantu Construction intended for the proposed sound system and related equipment. Panasonic was also aware of the requirements for the NBA G-League games, and knew that these required items and equipment must be completed, installed and properly working on a timely basis.

Pursuant to the terms of the Agreements, Panasonic was to install the following at the Bert Ogden Arena: a scoreboard, ribbon board, TV board, camera system, IPV, marquee outside the Arena, three hanging screens inside the Arena, among other items, and ensure that all such items were in working order and suited for the Arena, as built.

Additionally, the change orders included, but were not limited to, the following: scoring system package; additional scoring system material to be WNBA and G-League compliant; end-of-period strip lights that go on score table/press row and one stoppage strip light that goes on score table/press row; locker room clocks; TvOne multi view splitter; score table; and Chyronhego CrossFire.

Case 7:19-cv-00185 Document 1-2 Filed on 05/30/19 in TXSD Page 4 of 7

Electronically Filed
4/10/2019 3:30 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1628-19-H

Furthermore, even though Panasonic knew of the proposed use of the arena, it did not initially recommend the items identified in Change Order Number 003, when it knew that Cantu Construction was relying on Panasonic, due to its claimed expertise in the sports entertainment business, to suggest the appropriate tables, clocks, etc., and advise Cantu Construction of the need for acoustic materials. While the G-League required items were later included in a change order, some of the items have not been installed or even ordered, built or constructed. As noted by the Agreements, "time [was] of the essence."

Panasonic did not finish the work contemplated by the Agreements, and had not timely fulfilled its obligations under the terms of those Agreements and the change orders. Panasonic left Cantu Construction with an unfinished and defective sound system, no scoring table, and no clocks in all locker rooms. These are just a few of the many problems that existed at the Bert Ogden Arena as a result of Defendant failing to comply with the original Agreements.

**On or about November 1, 2018,** as a result of the disputes that arose between these parties as to the amounts owed; as to the timeliness of the work performed; as to the credits to which Plaintiff claimed it was entitled; as to the quality of the sound system installed; as to the reliability of the sound system that was installed; among other concerns; and pursuant to the requirements of the Agreements; Plaintiff and Defendant met in Hidalgo County, Texas, in an attempt "to settle any disputes first through direct discussions." As a result of the meeting and after sincere direct discussions, the parties reached a new agreement.

Pursuant to the terms of the new agreement, which superceded the prior written agreements, Five Hundred Thousand and No/100ths dollars ($500,000.00) would be wired

Case 7:19-cv-00185 Document 1-2 Filed on 05/30/19 in TXSD Page 5 of 7

Electronically Filed
4/10/2019 3:30 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1628-19-H

by Plaintiff to Defendant within a week of the new agreement; the remaining work, as was outlined in the previous written agreements, would be promptly completed by Defendant (estimated to take no more than a couple of months); another Five Hundred Thousand and No/100ths dollars ($500,000.00) would then be wired by Plaintiff to Defendant after all the items noted in the prior Agreements and the change orders were completed; and finally, after the punch list items were completed and all liens released, the final payment would be made, in the amount contemplated by the prior superceded agreements, taking into account all outstanding credits owed to Plaintiff, including credits for all payments previously made. This was all to be completed within two to four months, at most.

Both parties agreed to the terms of this new agreement, which took the place of and superceded the prior written Agreements. The parties shook hands to signify acceptance of the new agreement. The parties have referred to this new oral agreement as "the agreement," the "handshake deal" and the "handshake agreement."

However, notwithstanding the fact that Plaintiff has been, and still is, willing and able to comply with the new agreement between the parties, within days of making this new agreement, and as Plaintiff was preparing to wire Five Hundred Thousand and no/100ths dollars ($500,000.00) to Defendant in compliance with the terms of the new agreement, Defendant breached the new agreement, and indicated that it would no longer abide by the new agreement. Defendant also, unilaterally, without notice, and in violation of the parties' new handshake agreement, pulled its workers off the job and has not yet returned. It is now April of 2019, and over 4 months have passed since the handshake deal, and the work and payments governed by the handshake deal should have been completed by this date, but the work has not been completed, repaired and corrected.

C-1628-19-H

The Bert Ogden Arena is continuing to have numerous issues with the sound system, the displays, repair parts and other items which were provided and installed by Panasonic. Such problems are directly related to the breach by Defendant of the November 1, 2018 agreement.

## VII.

## BREACH OF CONTRACT

Plaintiff hereby incorporates the facts set out in paragraph VI. above. Plaintiff, as a result of Defendant breaching the November 1, 2018 agreement with Plaintiff, has suffered damages which were directly caused by Defendant's breach of the November 1, 2018 agreement. Plaintiff hereby sues for all such damages.

## VIII.

## ATTORNEY'S FEES

Defendant's conduct, as described in this petition, and the resulting damages and losses to Plaintiff, have necessitated that Plaintiff retain the firm whose name is subscribed to this petition to prosecute this lawsuit. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for the reasonable attorney's fees it has incurred in the preparation and prosecution of this action, as well as reasonable fees for any and all appeals to other courts. Plaintiff hereby sues for such attorney's fees.

## IX.

## INTEREST AND COSTS

Plaintiff is further entitled to recover prejudgment interest and post-judgment interest, as well as all costs of court from Defendant. Plaintiff hereby sues for such interest and costs.

C-1628-19-H

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear herein and that upon final hearing, Plaintiff have judgment against Defendant for:

(a)   actual damages, within the jurisdictional limits of the Court;

(b)   attorney's fees, as applicable, including conditional attorney's fees for any and all appeals;

(c)   pre-judgment interest;

(d)   post-judgment interest as allowed by law;

(e)   costs of court; and

(f)   all other relief requested hereinabove, or to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully submitted,

HOLE & ALVAREZ, L.L.P.
P. O. Box 720547
McAllen, Texas 78504-0547
Telephone No.: (956) 631-2891
Telecopier No.: (956) 631-2415
Email:     Mail@HoleAlvarez.com

By:   /s/ Ronald G. Hole
      Ronald G. Hole
      State Bar No. 09834200
      **ATTORNEYS FOR PLAINTIFF**